Dear Mayor Roach:
You advise us that the City of Lake Charles is governed by a home rule charter. The terms of the charter permit the city to create a municipal planning commission and further adopt state law, R.S. 33:102, et seq., regarding the creation of this municipal planning commission. See Lake Charles Home Rule Charter Section 4-22.[1]
The City of Lake Charles and the Parish of Calcasieu have agreed to form a regional planning commission as authorized by R.S. 33:131.[2]
You ask this office if the city home rule charter must be amended to accomplish this joint endeavor.
In our opinion, an amendment to the charter is unnecessary. A home rule charter municipality is empowered to designate a regional planning commission as its municipal planning commission. R.S. 33:137(B) states that "the legislative body of the municipality or parish may designate the regional planning commission as the municipal planning commission or the parish planning commission."[3]
Further, R.S. 33:103(F) pertaining to planning commissions provides:
 Where a parish or municipality has adopted a charter for local self-government or other home rule charter and such charter provides for the establishment of a planning commission or otherwise provides for the functions of a planning commission to be performed by the governing authority or other board or commission, the provisions of this Subpart concerning membership, appointment, organization, and structure shall not be applicable. In such case, any parish or municipality with a home rule charter may avail itself of the power and authority granted herein to a planning commission; however, nothing herein shall diminish any power or authority already granted by a home rule charter or other law. (Emphasis added).
In our opinion, the ability of a home rule charter entity to designate a jointly created regional planning commission as its municipal planning commission is an instance where a home rule charter municipality "avail(s) itself of the power and authority granted herein to a planning commission" as contemplated in R.S. 33:103(F) quoted above.
The home rule charter of the City of Lake Charles was adopted prior to the Louisiana Constitution of 1974 pursuant to Article VI, § 4.[4]
"Article VI, § 4 limits a preexisting home rule charter's grant of initiation only by providing that the local government may not exercise that power inconsistently with the 1974 constitution a preexisting home rule charter or city parish potentially enjoys the power to initiate legislation to a greater degree than other local governmental subdivisions." See City of New Orleans vs. Board of Commissioners of theOrleans Levee District, 640 So.2d 237 (La. 1994), at page 244.
Given the discretion enjoyed by a pre-1974 Constitution home rule charter entity, and specific authority granted by statute, we conclude that no amendment to the charter is required prior to the creation of a joint city/parish regional planning commission.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
DATE RELEASED: January 28, 2003
[1] Section 4-22 provides:
The head of the planning department as authorized in L.R.S. 33:102 et seq. shall be the planning commission. The five (5) members of the commission shall be appointed by the mayor and shall serve terms as specified by state law.
[2] State law specifically grants a municipality and a parish the authority to form a regional planning commission. R.S. 33:131 provides:
§ 131. Creation of regional planning areas
The legislative bodies of any municipality and a surrounding or contiguous parish; or any two or more contiguous municipalities; or of any one or more municipalities and one or more parishes all forming a single urbanized or suburbanized area; or of any one or more municipalities and one or more parishes all forming a single urbanized area of more than fifty-thousand population and including municipalities and parishes contiguous thereto, hereinafter referred to as "urbanized areas" are hereby authorized to create a regional planning area out of their combined territories, and the police jury of any parish may likewise join with one or more counties in an adjoining state forming a singe area for a like purpose. Such regional planning areas shall be created by identical ordinances which shall be adopted by each of the local legislative bodies desiring to cooperate in regional planning.
Each such ordinance creating such regional planning area shall establish the boundaries of the regional planning area by reference to a map which shall be filed with the clerk and recorder of each affected parish, of the parish within which each affected municipality is located and with the Louisiana State Planning Office. Such ordinances shall also provide for the creation of a regional planning commission.
[3] R.S. 33:137 provides, in its entirety:
§ 137. Relationship of commission to municipal and parish planning commission
A. No regional planning commission shall be authorized to exercise the functions of any municipal planning commission or parish planning commission, where such are established within a regional planning area, except as hereinafter provided.
B. In any municipality or parish located in a regional planning area as hereinabove defined, the legislative body of the municipality or parish may designate the regional planning commission as the municipal planning commission or the parish planning commission. Upon such designation the regional planning commission shall have all the powers and functions relating to making, adopting, amending, and adding to the master plan of the municipality or parish or part thereof, or relating to the planning of the municipality or parish as provided or granted by Revised Statutes33:101 through 119 inclusive or by other laws to the planning commission of the municipality or parish; and the master plan, its parts, amendments, and additions made and adopted by the designated commission for the municipality or parish shall have the same force and effect in the municipality or parish as though made and adopted by a municipal planning commission appointed by the municipality or a parish planning commission appointed by the parish. In acting as the planning commission of the municipality, or the parish the designated regional planning commission shall follow the procedure specified by the provisions ofRevised Statutes 33:101 through 119 inclusive and other laws relating to municipal or parish planning commissions. Any municipality or parish so designating a regional planning commission as its planning commission shall pay to the designated commission that portion of the expenses of the designated commission which is properly chargeable to the planning service rendered to the municipality or parish.
C. In cases where a municipality or a parish has a municipal or a parish planning commission functioning within a regional planning area, then the regional planning commission shall recommend measures for the coordination of plans, and if appropriate, recommend plans for adoption by the said municipal or parish planning commission.
D. For purposes of coordination of planning, a parish or municipal planning commission created under R.S. 33:101 through 119 or a smaller regional planning commission created under R.S. 33:131 through 140 geographically contained within an area comprising a planning and development or clearing house district as designated by the Louisiana Commission on Intergovernmental Relations may join any regional planning commission created to serve such planning and development district. In such cooperation for coordination of planning, the parish, municipal or smaller regional planning commission shall not lose its separate identity as a planning commission.
[4] Article VI § 4 of the 1974 Constitution is applicable to home rule charter governments adopted prior to 1974, and provides:
§ 4 Existing Home Rule Charters and Plans of Government
Section 4. Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.